IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK06-40922-TLS |
| ) | |
| PHILIP KEVIN JOHANSEN and ) | |
| KIMBERLY SUE JOHANSEN, ) | CH. 7 |
| ) | |
| Debtors. ) | |
| EXCHANGE BANK, ) | ADV. NO. A06-04098-TLS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PHILIP KEVIN JOHANSEN and ) | |
| KIMBERLY SUE JOHANSEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Trial was held in Lincoln, Nebraska, on October 11, 2007, on Plaintiff's Amended Complaint Objecting to Discharge of Debtors (Fil. #4). Claude E. Berreckman, Jr., and Brian Davis appeared for Plaintiff, and Galen E. Stehlik appeared for Defendants. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(J).

Plaintiff asserts that Defendants should be denied a discharge under 11 U.S.C. § 727(a) because of, among other things, inaccuracies and/or false statements in Defendants' schedules. Plaintiff basically feels that the bankruptcy was filed in bad faith and Defendants should be denied a discharge, or alternatively, Plaintiff's debt should not be discharged. As discussed below, I find in favor of Defendants.

## Background

Defendants are indebted to Plaintiff, Exchange Bank, in an amount in excess of $1,200,000.00 pursuant to the terms of a default judgment entered on May 26, 2006, in the District Court of Kearney County, Nebraska. That judgment arose out of a loan made by Plaintiff to J&S Partnership on or about April 4, 2003, in the original principal amount of $1,230,625.00. That promissory note consolidated several prior loans made by Plaintiff to J&S Partnership or Defendants.

The debt owed to Plaintiff constitutes the vast majority of Defendants' liabilities. Plaintiff's loan was made in connection with Defendants' farming operations. Therefore, the debts are not

primarily consumer debts and the underlying bankruptcy case is not subject to the means testing provisions and dismissal for abuse provisions of 11 U.S.C. § 707(b).

In a proceeding under § 727 for denial of discharge, the burden of proof is on the objecting party to prove each element of a § 727 complaint by a preponderance of the evidence. *Floret, L.L.C. v. Sendecky (In re Sendecky)*, 283 B.R. 760, 763 (B.A.P. 8th Cir. 2002) (quoting *Korte v. United States (In re Korte)*, 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001)). "The denial of a debtor's discharge is a 'harsh sanction,' therefore, the provisions of 11 U.S.C. § 727(a) are 'strictly construed in favor of the debtor.'" *Id.* Further, in a proceeding under 11 U.S.C. § 523, the creditor must show, by a preponderance of the evidence, that the debt is excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 287-88 (1991).

Plaintiff did not identify the subsections of § 727(a) under which it is proceeding. Based on the manner in which Plaintiff presented its evidence, the Court will assume that Plaintiff was proceeding under § 727(a)(2) and (4), which provide as follows:

> (a) The court shall grant the debtor a discharge, unless –
> . . . (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
> > (A) property of the debtor, within one year before the date of the filing of the petition; or
> . . . (4) the debtor knowingly and fraudulently, in or in connection with the case –
> > (A) made a false oath or account . . . .

## Discussion

Plaintiff's primary issue under § 727 pertains to certain stock that Defendant Kimberly Johansen owned in a family corporation named "HD&E Sear, Inc." It is undisputed that prior to April 2005, Kimberly Johansen owned 499 shares of HD&E Sear, Inc., which was approximately 25% of the issued and outstanding stock of the corporation. Ms. Johansen testified that at the request of her mother, Elinore Sear, the majority stockholder in HD&E Sear, Inc., she transferred her 499 shares equally to her two children in June 2005. Ms. Johansen stated that she "did not know why" her mother "required" that transfer, but indicated that it had something to do with the fact that Defendants were no longer engaged in farming operations. The land that Defendants had farmed prior to 2005 was owned by and leased from HD&E Sear, Inc. Ms. Johansen further testified that she complied with her mother's request to transfer the stock to her children because she had always been told that the stock "had no value" since it was a minority interest in a family corporation. Ms. Johansen never received any dividends or distributions from the corporation.

Plaintiff, on the other hand, asserts that the 25% interest in HD&E Sear, Inc. had substantial value, pointing to the 2004 tax return for the company showing retained earnings of almost

$800,000.00 and common stock value of approximately $200,000.00. Further, despite Ms. Johansen's testimony that the transfer of the stock to her children occurred in June 2005, she had previously given different accounts as to when the transfer occurred: (i) in the preliminary pretrial statement, Defendants assert that the transfer appeared on April 28, 2005; (ii) at the first meeting of creditors, Ms. Johansen testified that she last owned the stock in "2000, boy I can't remember, 2004, maybe. I can't remember for sure from all that's taken from me"; (iii) the transfer of the stock was not listed in Paragraph 10 of the Statement of Financial Affairs filed by Defendants as a transfer of assets occurring within two years of filing; and (iv) Ms. Johansen also testified during the § 341 meeting that "my mother didn't want me to have that stock any more" and "I guess so" in response to whether she voluntarily returned the stock to her mother.

Plaintiff also submitted corporate meeting minutes of HD&E Sear, Inc. dated June 14, 2005, which showed Kimberly S. Johansen as an owner of 499 shares. The corporate minutes of the corporation dated April 28, 2006, show that Ms. Johansen is no longer an owner and that Defendants' children each own 249½ shares. So, according to the corporate records of HD&E Sear, Inc., the stock owned by Kimberly Johansen was transferred to her children sometime between June 14, 2005, and April 28, 2006. Those corporate minutes are consistent with interrogatory responses given by Elinore Sear and HD&E Sear, Inc. in connection with state court litigation, stating "Kim Johansen transferred her 499 shares to her children Whitney and Collin equally on or before April 28, 2006." Interestingly, the 2006 corporate minutes contain the following clause which was stricken by hand and initialed, apparently by the corporate secretary: "The President reported the following changes of stockholders since the last such report: Kim Johansen has transferred her shares in the corporation to her children, Whitney and Collin." No other evidence was provided and no testimony given as to why that clause was in the corporate minutes and later stricken.

It is Plaintiff's position that Defendants have manufactured the transfer of the stock to keep it out of their bankruptcy estate and note that Defendants failed to list the transfer on their bankruptcy schedules. Further, Plaintiff points out that the transfer date to which Ms. Johansen testified was "conveniently" approximately 13 months prior to the bankruptcy filing. As noted above, it is Plaintiff's burden to prove by a preponderance of the evidence each and every element under § 727. Construing the provisions of § 727 strictly in favor of Defendants as required, I simply cannot find that Plaintiff has met its burden. No testimony was presented from Elinore Sear, from the other officers and directors of HD&E Sear, Inc., or from Defendants' grown children which would either substantiate or refute Ms. Johansen's assertion that the stock was transferred in June 2005. The corporate records of HD&E Sear, Inc. do not directly contradict Ms. Johansen's testimony. If the stock was transferred in June 2005, it was more than one year prior to bankruptcy filing and, therefore, does not fall within the § 727(a)(2) exception for transfers occurring within one year prior to filing.

Plaintiff also asserts that Defendants knowingly and fraudulently made false statements in connection with the bankruptcy. However, I again cannot find that Plaintiff has met its burden. There are certainly some inconsistencies, but those inconsistencies were explained as nerves, reliance on a lawyer, lack of recollection at a certain time, etc. Plausible explanations were given and the evidence was simply insufficient to establish that false statements were made knowingly and

fraudulently in connection with the case. Plaintiff also asserts that Defendants falsely overstated their expenses in Schedule J of their bankruptcy filing. The false statements need to be both material and made with intent to defraud. *Jordan v. Bren (In re Bren),* 122 Fed. Appx. 285, 286 (8th Cir. 2005) (citing *Korte v. Internal Revenue Serv. (In re Korte),* 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001)). While many of the listed expenses do seem excessive, I do not find that asserting excessive expenses was "knowingly and fraudulently" done since it really has no impact on the bankruptcy case. As indicated previously, Defendants' debts are primarily business debts. Thus, the means testing and dismissal provisions for abuse under § 707(b) simply do not apply to these Defendants.

Plaintiff requests alternatively that its lien be deemed non-dischargeable under § 523. Again, Plaintiff does not identify which subsection of § 523 it believes should apply, but the Court will assume Plaintiff is referring to § 523(a)(2), which provides as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> (B) use of a statement in writing –
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive[.]

Plaintiff's claim under § 523 appears to be that Defendants never advised Plaintiff of a change in the partnership structure of J&S Partnership and that Plaintiff had relied upon HD&E Sear, Inc. as being a partner in the partnership and responsible for the debts of the partnership. Again, there is conflicting evidence as to whether J&S Partnership existed after 2001. It was alternately described as being a partnership that continued on between Defendants, Philip and Kimberly Johansen (with HD&E Sear, Inc. no longer being a partner as of 2001), to the partnership "no longer existing" as of 2001. Regardless, Mr. Johansen continued to use the name J&S Partnership after 2001, and that the entity had its own tax identification number. However, it is clear that as of April 8, 2001, Plaintiff was aware that HD&E Sear, Inc. was not a partner in the borrowing entity. This is evidenced by filing No. 35, which is an Exchange Bank internal document entitled "Phil Johansen Line of Credit Review and Renewal 4-8-01," in which the following statement appears: "This would be the first year with Phil's personal assets, as there is no longer a J&S." Plaintiff has failed to prove that it was relying upon HD&E Sear, Inc. as being a partner when it was making lending decisions with respect to Defendants and/or J&S Partnership after April 8, 2001. No evidence was presented to support a § 523(a)(2) cause of action under which Defendants would

have received money from Plaintiff by false pretenses, false representations, or actual fraud, or by using a false written statement.

The bottom line is that denying Debtors a discharge under § 727 is a very harsh remedy. The Plaintiff certainly presented enough evidence to raise a suspicion as to when the transfer of stock happened and whether it actually happened within one year of filing. However, mere suspicion is not enough. The evidence just does not support the denial of discharge. Also, Plaintiff simply does not have the evidence to support a § 523(a)(2) cause of action. Of course, these findings do not preclude the pursuit by the appropriate party of other potential remedies with respect to the stock transfer, such as a proceeding under § 548.

For the foregoing reasons, Plaintiff's Amended Complaint (Fil. #4) is denied.

Separate judgment to be filed.

DATED: October 19, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
    *Claude E. Berreckman, Jr./Brian Davis
    Galen E. Stehlik
    John A. Wolf
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.